IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nationstar Mortgage, LLC, | ) | Case No. 6:22-cv-03915-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Derrick Mahoney and Willow Grove | ) | |
| Homeowners Association, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Motion to Remand and Defendant Mahoney's Motion to Voluntarily Dismiss. ECF Nos. 15, 22. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 15, 2023, the Magistrate Judge issued a Report recommending that the Motion to Remand be granted and the Motion to Voluntarily Dismiss be denied. ECF No. 23. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendant Mahoney filed objections to the Report and Plaintiff filed a reply. ECF Nos. 31, 34. Accordingly, the Motions and the Report are ready for review.[1]

---

[1] On May 16, 2023, Defendant Mahoney filed a Motion for Leave to File a Sur-Reply. ECF No. 36. The Court granted the Motion and directed Defendant Mahoney to

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference. As noted in the Report and

---

file the sur-reply by June 5, 2023. ECF No. 37. That Order was returned as undeliverable. ECF No. 42. The Court sua sponte granted Defendant Mahoney an additional 10 days to file a sur-reply. ECF No. 43. That Order also returned as undeliverable. ECF No. 45. Defendant Mahoney was previously directed to keep the Court apprised of any change of address in an Order that has not been returned. ECF No. 18. Accordingly, as the Court has no alternate address to mail necessary documents to Defendant Mahoney, the undersigned will proceed to an evaluation of the pending Motions. The Court further notes that Defendant Mahoney has filed objections and, upon de novo review of the Report, the record, and the applicable law, the undersigned is of the opinion that a sur-reply would have no bearing on the outcome of this case.

2

confirmed by the undersigned upon de novo review,[2] there are procedural defects with Defendant Mahoney's removal of this action in that he did not timely remove this case and he did not provide any evidence that the other Defendant, Willow Grove Homeowner's Association, Inc., joined in or consented to the removal.  *See* 28 U.S.C. § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."); *Reliford v. Pearson*, C.A. No. C/A 3:03-1561-17-BC, 2004 WL 2660229, at *2 (D.S.C. Feb. 19, 2004) (holding that "[t]he 30-day period for removal is triggered when "a defendant is formally served or waives service." (citations omitted); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  These defects alone are sufficient to require remand of this action to the Greenville County Court of Common Pleas.[3]

Plaintiff's objections mainly concern the recommendation to deny the Motion to Dismiss.  As remand is appropriate and upon de novo review, the Court agrees with the Magistrate Judge that the Motion to Dismiss is improper for consideration by this Court.

---

[2] Defendant Mahoney has not specifically objected to this portion of the Report; nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the entirety of the Report, the record, and the applicable law.

[3] The Court notes that Plaintiff also argues that this action should be remanded because this Court lacks jurisdiction to consider this action pursuant to federal question or diversity jurisdiction.  As the Court has found that remand is appropriate based on the procedural defects in removing this action, the Court declines to address this portion of the Report and the related objections by Defendant Mahoney.

Any decision to dismiss any claims, counterclaims, or the entire action is best left to the state court. The undersigned modifies the recommendation of the Magistrate Judge to deny as moot the Motion to Dismiss. *See GMAC Mortg. LLC v. Eaton*, No. 1:12-cv-270, 2012 WL 3156778, at *2 (M.D.N.C. Aug. 3, 2012) ("[I]n light of the remand of this case to state court for lack of subject-matter jurisdiction, the Clerk's Office shall TERMINATE AS MOOT the Motion to Dismiss."); *Lakeview Loan Servicing, LLC v. New*, No. CV 6:16-1781-BHH-KFM, 2016 WL 11410928, at *2 (D.S.C. Aug. 4, 2016), *report adopted,* 2016 WL 6574154 (D.S.C. Nov. 7, 2016) ("[The] motion to dismiss the state court case . . . should be denied as moot.").

## CONCLUSION

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge as modified. Plaintiff's Motion to Remand [15] is **GRANTED** and this action is **REMANDED** to the Greenville County Court of Common Pleas. Defendant Mahoney's Motion to Voluntarily Dismiss [22] is **DENIED as MOOT**.

IT IS SO ORDERED.

| | |
|---|---|
| September 14, 2023 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |